Matthias, J.
The defendant, Peter Fabian, was indicted for the murder of Joseph Ferguson, and upon trial the jury rendered a verdict of guilty of murder in the first degree, with a recommendation of mercy. A motion for a new trial was overruled and sentence imposed. ■ Upon proceedings in error the court of appeals rendered a judgment of affirmance. There are several assignments of error upon the part of the trial court.
It is complained that the court unduly and improperly limited the. cross-examination of the state’s witnesses.
The rule is quite well established that the limitation upon cross-examination rests largely in the discretion of the trial judge, and that only in cases of clear abuse of discretion, resulting in manifest prejudice to the complaining party, will reviewing courts reverse the judgment of the trial court. Upon review, therefore, the question to be determined is whether the discretion committed to the trial court in such matters has been abused, resulting in manifest prejudice to the complaining party.
The action of the trial court in limitation of cross-examination particularly complained of in this case occurred with reference to certain questions asked of witnesses who were present when the defendant was arrested at his room shortly after the commission of the crime. The officers *186 upon going to the room of the defendant demanded that he get up and dress, which he did. After the state had closed its case the defense requested that certain witnesses for the state be recalled and further opportunity afforded the defense for cross-examination. One of those witnesses was officer McClister who made the arrest. He was asked upon cross-examination what conversation he had with the defendant with reference to a hat. An objection to that question was sustained. Counsel for the defendant at the time stated that if opportunity were afforded it would be shown that the officer directed the defendant to wear a hat, a brown or green hat which he had in the room, but that the defendant told him he wanted to wear a cap. The question at once arises as to the materiality of this evidence, and whether- prejudice resulted to the defendant from its exclusion. It is contended that it was important because of its effect upon the question of identification of the defendant as the man who stabbed Ferguson.
The only theory upon which we are able to see that this item of evidence could possibly have aided the defendant is that the officer in making such request, if he did make it, acted upon the suggestion of some one who claimed to have witnessed the commission of the crime that the person who slew Ferguson wore a hat, and that the officer’s request that the defendant put on a hat was for the purpose of having his appearance conform as nearly as possible to the description of Ferguson’s murderer, as theretofore given him. The record discloses no evidence tending to support any such theory. The *187 contention made by counsel for defendant that such evidence was material and its exclusion prejudicial loses much of its force by reason of the fact that counsel both upon argument and in brief stated that the accused desired to wear a certain green-colored hat and that “the officer making the arrest remonstrated with him and made him wear a cap which is attached to this record as ‘Exhibit A’,” which is just the opposite of the claim made in the offer of proof, as shown by the record.
Ferguson was stabbed while standing at the curb near the Moscovitz saloon in Akron. The crime was committed near midnight, November 24, 1915. Three of the state’s witnesses saw the blow struck. There was no confusion; no quarrel; no words were spoken. Ferguson had his hands in his pockets, a package under one arm. The man who committed the crime, after passing two of the state’s witnesses, walked in front of Ferguson, struck a back-handed blow, and moved at a rapid walk across the street, where he joined some companions awaiting him and passed on down the street. Ferguson was stabbed in the heart. He sank to the walk and expired without uttering a word. These witnesses had but a few minutes before come from the Moscovitz saloon, as had also Ferguson and the defendant. They were standing near Ferguson when he was stabbed. Their identification of the defendant as the man who committed the crime was clear, convincing and complete.
It is difficult to see upon what theory the defendant was prejudiced by the exclusion of evidence that the officer directed him to wear a hat, in view *188 of the conclusive nature of the testimony that on the night of the murder he was wearing a cap — the cap attached to the record as an exhibit.
The defendant was arrested in his room about an hour after the murder occurred. A knife was taken from the pocket of his trousers, upon the blade of which was a discoloration which witnesses who then saw it testified was blood. After the first trial of the case the blade was scraped for the purpose of obtaining a chemical analysis of the substance on it, which upon the second trial experts pronounced to be blood.
Objection was made to the admission of the knife in evidence, because of its changed condition. Such changes and the cause thereof were fully described and explained, and there was no error in. the admission of the knife as evidence in the case.
In the course of the general charge the trial court said: “The law does not require the state to prove motive in this case. The presence or absence of motive shown by the evidence may be considered by you in determining intent, or its presence or absence in the mind of the accused, so that if you find beyond a reasonable doubt that the defendant is guilty under the instructions which the court gives you, then you should find him guilty whether or not a motive has been established.”
It is urged that this charge is erroneous in that it did not inform the jury that the presence or absence of a motive for the killing of Ferguson by the defendánt might be considered by them in determining whether the defendant committed the crime. There is little evidence of motive. The de *189 fendant had been drinking during the evening and it seems likely his mind was in condition to form an indiscriminate purpose to kill some one. That the killing of Ferguson resulted from mistaken identity is suggested by the evidence of two witnesses that the defendant stated upon his return to his room that he had “killed a Serbian.” The defendant is a Roumanian by birth, but is a subject of Austria-Hungary.
The language used by the trial court is inapt and the instruction incomplete, but in view of the record we do not regard the charge as prejudicially erroneous, nor does it seem that counsel for defendant so considered it, for no exception was noted to the charge; nor was there any request for further instruction upon the question of^ want of motive, or otherwise. Ten separate instructions, some at considerable length, were requested by counsel for the defendant, and the court gave all of them. None touched the subject of motive.
Motive is not an element of the crime of homicide required to be established to warrant a conviction. Proof of motive does not establish guilt, nor want of proof of motive establish innocence. If the guilt of the accused be shown beyond a reasonable doubt, it is immaterial what the motive for the crime, or whether any motive be shown. In doubtful cases the element of motive may be quite material in the determination of the guilt or innocence of the accused. But where the evidence, is direct, and is so clear and convincing, and so thoroughly and completely establishes the guilt of the accused as does the evidence in this case, a ver *190 diet of not guilty on the ground that the jury could find no motive for the commission of the crime would be an absurdity. A reversal by this court and a new trial on the ground urged would be no less a miscarriage of justice.
It is further urged that the defendant did not have a fair trial by an impartial jury because of the fact that one of the jurors had served on the grand jury before which one of the witnesses in this case testified during the investigation of a charge of perjury against Vaslo Fabian, a brother of the defendant in this case. The juror was not a member of the grand jury which returned the indictment against the defendant. It appears that one witness testified before the grand jury of which such juror was a member and gave similar testimony upon the trial of the defendant. That evidence, however, did not relate to the merits of the charge in this case, and it does not appear that the juror untruthfully answered the questions put to him on his voir dire examination, or that he knew anything about the merits of this case.
We deem it unnecessary to discuss other assignments of error. In the opinion of the court the record discloses no error prejudicial to the rights of the plaintiff in error.

Judgment affirmed.

Wanamaker, Newman, Jones and Johnson, JJ., concur.